**JOHN L. BURRIS, Esq., SBN 69888**
**PATRICK M. BUELNA, Esq., SBN 317043**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport St., Suite 1120
Oakland, CA 94621
Telephone:    (510) 839-5200
Facsimile:     (510) 839-3882
Email: John.Burris@johnburrislaw.com
Email: Patrick.Buelna@johnburrislaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY MCELROY, an individual,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; and DOES 1-50, inclusive.<br><br>　　　　Defendants. | Case No.: 3:19-cv-5528<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C § 1983)<br><br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. On June 20, 2018 at approximately 4:00 p.m., Plaintiff Jeffrey McElroy was standing on the sidewalk alongside a bike when two yet-to-be-identified San Francisco Police Officers detained and arrested him for allegedly riding his bicycle on the sidewalk nearby 16th Street and Mission in San Francisco, CA. Mr. McElroy ran away from officers in fear of them. Defendants chased, then cornered Plaintiff. Defendants punched and beat Mr. McElroy while he was unarmed and submissive. As a result of Defendants' excessive force, Plaintiff suffered physical injuries and emotional distress.

## JURISDICTION

2. This action arises under Title 42 of the United States Code, Section 1983. The unlawful acts and practices alleged herein occurred in San Francisco, California, which is within this judicial district. Title 28 United State Code Section 1391 (b) confers venue upon this Court.

## PARTIES

3. Plaintiff JEFFREY MCELROY is a competent adult. Plaintiff is a resident of SAN FRANCISCO, CALIFORNIA. Plaintiff McElroy is readily recognizable as an African American male.

4. Defendant CITY AND COUNTY OF SAN FRANCISCO (hereinafter "Defendant CCSF") is and at all times herein mentioned a municipal entity duly organized and existing under the laws of the State of California that manages and operates the SAN FRANCISCO POLICE DEPARTMENT (hereinafter "SFPD").

5. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused

injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and false arrests.  Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiffs will ask leave to amend this complaint subject to further discovery.

6. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment for the CITY AND COUNTY OF SAN FRANCISCO ("CCSF").

7. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

8. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

9. Plaintiff filed a timely government claim with CCSF, which was rejected by operation of law.

**STATEMENT OF FACTS**

10. On June 20, 2018 at approximately 4:00 p.m., Plaintiff Jeffrey McElroy was standing on the sidewalk alongside a bike when two yet-to-be-identified San Francisco Police Officers (hereinafter "Defendants") detained him for allegedly riding his bicycle on the sidewalk nearby 16th Street and Mission in San Francisco, CA. Defendants found a backpack on heavily traversed public street, yards from Plaintiff and alleged it belonged to him. Plaintiff is an African American male.

11. Mr. McElroy ran away from officers in fear officers were planting evidence on him. Defendants chased, then cornered Plaintiff. Defendants punched and beat Mr. McElroy while he was unarmed and submissive. As a result of Defendants' excessive force, Plaintiff suffered physical injuries and emotional distress.

## DAMAGES

12.  As a proximate result of Defendant Does' unreasonable and excessive use of force, Plaintiff suffered physical injury, loss of wages, emotional distress, fear, terror, anxiety, humiliation, and loss of sense of security, dignity, and pride as a United States Citizen.

13.  The conduct of the Defendant Does was malicious, wanton, and oppressive. Plaintiffs are therefore entitled to an award of punitive damages against Does.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Fourth Amendment – Excessive Force under 42 U.S.C. Section 1983)**
*(Against DOES 1-25)*

14.  Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

15.  When the yet-to-be-identified Defendant Does beat and attacked Plaintiff, Plaintiff was attempting to comply with the officers and presented no threat to deputies. Defendant Does' conduct was excessive and unreasonable, which violated both their training and Plaintiff's constitutional rights under the Fourth Amendment.

16.  As a result of their misconduct, the yet-to-be-identified Defendant Does are liable for Plaintiff's injuries.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
**(Fourth Amendment – Unlawful Detention/Arrest under 42 U.S.C. Section 1983)**
*(Plaintiff Against DOES 1-25)*

17.  Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

18.  When the yet-to-be-identified Defendant Does detained Plaintiff, they had no reasonable suspicion and/or probable cause, but rather fabricated a basis to stop and search Plaintiff. Defendants alleged Plaintiff was bicycling on the sidewalk, and then found items on a

public street that were not in his possession used it as a basis to stop and search him. Therefore Defendant Does' use of force was an unlawful seizure which violated both their training and Plaintiff's constitutional rights under the Fourth Amendment.

19. As a result of their misconduct, the Defendant Does are liable for Plaintiff's injuries.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(Supervisory and Municipal Liability for Unconstitutional Custom or Policy (Monell)–42 U.S.C. section 1983)**
*(Plaintiff against Defendant CCSF and DOES 26-50)*

20. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

21. Plaintiff is informed and believes and thereon alleges that high ranking Defendant CCSF officials, including Defendants, and DOES 26-50, and/or each of them, knew and/or reasonably should have known about acts of misconduct by Defendants, and DOES 1-25, and/or each of them. Yet-to-be-identified officers fabricated a reason to stop and detain Plaintiff, then used excessive force to enforce their unlawful stop. High-ranking official should have not about the pattern of excessive force conduct of the Defendant Deputy Deputies given this is just the latest use of excessive force incident in a string of recent and egregious excessive force incidents by San Francisco Police Department officers. For example,

   a. In 2017, SFPD Sergeant Flint Paul lost his temper a skateboarding event, and shoulder checked a teenager from his skateboard causing him a broken ankle for skateboarding down a hill. The San Francisco Department of Police Accountability found that Sgt. Paul violated crown control policies and committed conduct that was a discredit to the department, and recommended a 3-day suspension. Shockingly, the Chief of Police declined to implement the punishment and deter Sgt. Paul's excessive force.[1]

   b. In 2015(Nyugen v. CCSF, Case No: 3:16-cv-02589-JSC), Sgt. Flint Paul slammed a

---

[1] "SFPD chief declines to punish sergeant who collided with skateboarder" https://www.sfexaminer.com/news/sfpd-chief-declines-to-punish-sergeant-who-collided-with-skateboarder/

bystander's face into a police car after losing his temper in a crowd of people at the SF Gay Pride Parade.

c. In 2015, (Woods v. CCSF, Case No: 3:15-cv-05666-WHO) a group of SFPD Officers executed a man by firing over twenty shots at him when he was posing no immediate threat of deadly force at the time officers opened fire. SFPD has not disciplined any of the Defendant Officers.

d. In Sean Moore v. CCSF, Case No.: 4:18-cv-00634-DMR, SFPD Officers attempted to unlawfully detain an unarmed and mentally disabled man, Plaintiff Sean Moore, on his front porch. The officers shot Plaintiff Moore without legal justification. The SFPD officers convinced the District Attorney to press bogus criminal charges for assault and battery on officers which were shortly dismissed afterwards with help from the SF Public Defenders' Office. SFPD has not disciplined any of the involved officers.

e. In Frierson v. CCSF, Case No.: 3:15-cv-02573-JSC, an SFPD Officer unlawfully dumped a man, Plaintiff Frierson, from his wheelchair onto the pavement injuring the man on video. The case settled, but the Defendant Officer Carrasco has not been disciplined.

f. The US Justice Department conducted a six-month investigation into the San Francisco Police Department. The Justice Department concluded they had found "concerning deficiencies in every operational area assessed: use of force; bias; community policing practices; accountability measures; and recruitment, hiring and promotion practices," according to Ronald Davis, director of the Justice Department's Office of Community Oriented Policing Services.[2]

g. Presently, the California Department of Justice will evaluate and publicly report on how the SFPD is applying the 272 recommendations made by the DOJ under the Obama

---

[2] "U.S. Justice Department urges changes in SFPD after fatal shootings". https://www.sfgate.com/bayarea/article/U-S-Justice-Department-urges-changes-in-SFPD-9966886.php

administration's Collaborative Reform Initiative.[3]

22. Despite having such notice, Plaintiff is informed and believe and thereon alleges that Defendants, and DOES 1-50, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers. None of the officers were disciplined. Officials have not disciplined and/or retrained these officers despite clear department and constitutional violations against Plaintiff.

23. Plaintiff is further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants, and DOES 1-50, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of Plaintiff's rights as alleged herein.

24. As against Defendant CCSF, Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY OF SAN FRANCISCO, Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of SAN FRANCISCO POLICE DEPARTMENT is tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens. This is reinforced by the fact that the officers in the aforementioned excessive force incidents as well as the one underlying this complaint have not been disciplined and/or re-trained.

25. The unconstitutional actions and/or omissions of Defendants and Does 1-25, as well as other officers employed by or acting on behalf of Defendant CCSF, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the SAN FRANCISCO Police Department stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers for CCSF:

---

[3] State Stepping In to Oversee San Francisco's Police Reforms https://ww2.kqed.org/news/2018/02/05/state-stepping-in-to-oversee-san-franciscos-police-reforms/

      a.    To cover-up violations of constitutional rights by any or all of the following:

          i.    by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force;

          ii.    by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

          iii.    by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

      b.    To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department; and,

      c.    To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code § 910 et seq.;

      d.    To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint and in subparagraphs (a) through (f) above, with deliberate indifference to the rights and safety of Plaintiff and the public, and in the face of an obvious need for such policies, procedures, and training programs to prevent recurring and foreseeable violations of rights of the type described herein.

26. Defendants CCSF and Does 26-50 failed to properly train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendant Officers, and DOES 1-25, and other CCSF Police personnel, with deliberate indifference to Plaintiff's constitutional rights, which were thereby violated as described above.

27. The unconstitutional actions and/or omissions of Defendants and DOES 1-25, and other CCSF personnel, as described above, were approved, tolerated and/or ratified by

policy-making officers for the SAN FRANCISCO POLICE DEPARTMENT.  Plaintiff is informed and believe, and thereupon alleges, the details of this incident have been revealed to the authorized policy makers within CCSF, and that such policy makers have direct knowledge of the fact that the use of force on PLAINTIFF was not justified, but rather represented an unconstitutional use of unreasonable force.  Notwithstanding this knowledge, the authorized policy makers within CCSF have approved Defendant's grossly excessive and bias use of force on Plaintiff. By so doing, the authorized policy makers within the CCSF and the San Francisco Police Department have shown affirmative agreement with the actions of Defendant Does 1-25, and have ratified the unconstitutional acts of Defendant Does 1-25.

28. The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Defendant CCSF and Does 26-50, were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly-established and well-settled constitutional rights in violation of 42 U.S.C. § 1983, as more fully set forth in Cause of Action 1-3, above.

29. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

30. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants CCSF and Does 26-50 as described above, Plaintiff sustained serious and permanent injuries and is entitled to damages, penalties, costs and attorneys' fees as set forth above.

**FOURTH CAUSE OF ACTION**
**(Violation of the Bane Act (Cal. Civ. Code § 52.1))**
*(Plaintiff against Does 1-50)*

31. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

32. Plaintiff brings this "Bane Act" claim individually for direct violation of his own rights.

33. By their conduct described herein, Defendant Does 1-50, acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

   a. Plaintiff's right to be free from unreasonable searches and seizures as secured by the Fourth Amendment to the United States Constitution and by Article I, § 13 of the California Constitution;

   b. Plaintiff's right to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution;

34. Excessive force which violates the Fourth Amendment, also violates the Bane Act.[4] Defendants' use of unlawful force against Plaintiff, in and of itself, satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.

35. Further, any volitional violation of rights done with reckless disregard for those rights also satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.[5] All of Defendants' violations of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiff's rights; none was accidental or merely negligent.

---

[4] *See Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. May 19, 2014) (citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013)).

[5] *Cornell v. City and County of San Francisco*, 17 Cal.App.5th 766, 801-02 (2017) (*review denied*).

36. Alternatively, Defendants violated Plaintiff's rights by the following conduct constituting threat, intimidation, or coercion that was above and beyond any lawful seizure or use of force:

    a. Threatening Plaintiff in the absence of any threat presented by Plaintiff or any justification whatsoever;

    b. Using deliberately reckless and provocative tactics to apprehend Plaintiff in violation of generally accepted law enforcement training and standards, and in violation of Plaintiff's rights;

    c. Defendant punching and beating Plaintiff in the absence of any threat or need for such force;

    d. Threatening violence against Plaintiff, with the apparent ability to carry out such threats, in violation of Civ. Code § 52.1(j);

    e. Using excessive, unreasonable and unjustified force against Plaintiff while he attempted to comply with the officers;

    f. Failing to intervene to stop, prevent, or report the unlawful seizure and use of excessive and unreasonable force by other officers;

    g. Violating multiple rights of Plaintiff;

37. Defendant CCSF is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

38. As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiff's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages, and against all Defendants and is entitled to relief as set forth above, including punitive damages against Defendant Does 1-50, and including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys fees, treble damages, and civil penalties.

/

/

**FIFTH CAUSE OF ACTION**
**(Battery – Violation of CALIFORNIA PENAL CODE § 242)**
*(Plaintiff against DOES 1-25)*

39. Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

40. Yet-to-be identified Defendant Does, while working as a police officer for the SAN FRANCISCO POLICE DEPARTMENT, and acting within the course an scope of their duties, intentionally injured Plaintiff without a lawful basis.

41. As a result of the actions of the Defendants, Plaintiff suffered physical injuries. The Defendant Does did not have legal justification for using force against Plaintiff, and Defendants' use of force while carrying out their police duties was an unreasonable use of force.

42. As a direct and proximate result of Defendants' assault and battery of Plaintiff, Plaintiff sustained injuries and damages, and are entitled to relief as set forth above.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SIXTH CAUSE OF ACTION**
**(Negligence)**
*(Plaintiff against DOES 1-25)*

43. Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

44. At all times, Defendant Does 1-50 owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

45. At all times, Defendant Does 1-50 owed Plaintiff the duty to act with reasonable care.

46. These general duties of reasonable care and due care owed to Plaintiff by Defendants include but are not limited to the following specific obligations:

    a. to refrain from using excessive and/or unreasonable force against Plaintiff;

    b. to refrain from unreasonably creating the situation where force, including but not limited to excessive force, is used;

      c.    to refrain from abusing their authority granted them by law;

      d.    to refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

47.    Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

48.    Defendant CCSF is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code section 815.2.

49.    As a direct and proximate result of Defendant's negligence, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above.

## SEVENTH CAUSE OF ACTION
### (False Imprisonment/Illegal Detention)
*(Against Plaintiff and DOES 1-50)*

50.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 57 of this Complaint.

51.    Defendant detained, restraint and arrested Plaintiff and imprisoned him without just cause under false pretenses.

52.    The aforementioned acts of Defendant were willful, wanton, malicious, oppressive and undertaken with conscious disregard of the rights of Plaintiff and entitles Plaintiff to exemplary and punitive damages in an amount appropriate to punish or make an example of Defendants, for the public good.

53.    Plaintiff has been required to retain counsel to redress the wrongful conduct by Defendant alleged herein and is consequently entitled to an award of reasonable attorney's fees.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth

## EIGHTH CAUSE OF ACTION
### (False Arrest)
*(Against Plaintiff and DOES 1-50)*

54. Plaintiff re-alleges and incorporates by reference each and every paragraph of this complaint.

55. Defendant officers, while working as officers for SFPD, and acting within the course an scope of their duties, intentionally attacked and beat Plaintiff without any reasonable suspicion and/or probable cause.

56. As a result of the actions of these the Officers, Plaintiff suffered physical injuries. Defendant Officers did not have legal justification for using force, arresting and/or detaining.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

57. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum to be proven at trial;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For punitive damages against Defendant DOES 1-50 in a sum according to proof;

4. All other damages, penalties, costs, interest, and attorney fees as allowed by 42 U.S.C. §§ 1983 and 1988, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law;

5. For declaratory and injunctive relief, including but not limited to:

    a. An order requiring San Francisco Police Department to collect racial bias stop data and institute training to alleviate racial bias within the department.

6. For cost of suit herein incurred; and

7.  For such other and further relief as the Court deems just and proper.

Dated:  September 3, 2019                             **Law Offices of John L. Burris**

                                                                                                         /s/ Patrick M. Buelna
                                                                                                          Patrick Buelna
                                                                                                           Attorneys for Plaintiff