DENNIS J. HERRERA, State Bar #139669
City Attorney
MEREDITH OSBORN, , State Bar #250467
Chief Trial Deputy
JAMES F. HANNAWALT, State Bar #139657
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3913
Facsimile:     (415) 554-3837
E-Mail:        james.hannawalt@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

JOHN L. BURRIS, Esq., SBN 69888
PATRICK M. BUELNA, Esq., SBN 317043
ADANTE D. POINTER, Esq., SBN 236229
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Center
7677 Oakport St., Suite 1120
Oakland, CA 94621
Telephone:     (510) 839-5200
Facsimile:     (510) 839-3882
Email: John.Burris@johnburrislaw.com
Email: Adante.Pointer@johnburrislaw.com
Email: Patrick.Buelna@johnburrislaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY MCELROY,<br><br>    Plaintiff,<br><br>    vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; and DOES 1-50, inclusive.<br><br>    Defendants. | Case No.: 19-cv-05528-JSC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Hearing Date:   March 19, 2019<br>Time:           1:30 p.m.<br>Place:          Courtroom F, 15th Floor<br>                San Francisco, CA  94102<br><br>Trial Date:     January 11, 2021 |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California dated November 1, 2018 and Civil Local Rule 16-9.

1. <u>Jurisdiction and Service:</u>

The parties agree that his Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343.  Defendants responded to the complaint on October 11, 2019.  The parties agree that venue is proper under 28 U.S.C. §§ 1391(b)(1) and (b)(2).

2. <u>Facts:</u>

a. Plaintiff:

On June 20, 2018 at approximately 4:00 p.m., two San Francisco Police Officers detained Plaintiff Jeffrey McElroy him for allegedly riding his bicycle on the sidewalk nearby 16th Street and Mission in San Francisco, CA. Rather than just issuing him a citation and moving on, Officer Marcic and his partner procured this petty infraction as a pretense to harass Mr. McElroy. Based on the allegation that Mr. McElroy was being uncompliant, SFPD officers searched his person and pretended to not find the wallet bulging from McElroy's back pocket so they could allegedly search his backpack for identification.

While officers searched the backpack, McElroy feared the officers' suspicious behavior and ran away. Officers cornered McElroy in a garage and ordered him to come out. McElroy came out and cowered behind a folding chair. Officer Marcic punched McElroy mercilessly in the face and head even after McElroy had surrendered, both his hands were visible and covering his head. Although Officer Marcic wrote in his sworn police report that McElroy was resisting, a neighbor who watched from the window testified at the preliminary hearing that McElroy offered no resistance. Afterwards, officers fist-bumped and laughed.

The SFDA filed criminal charges against McElroy. At the preliminary hearing evidence of the body camera footage was introduced, which resulted in the criminal charges being tossed out. Judge Stephen Murphy had "concerns about Officer Marcic's credibility, and particularly in light of the

video."[1] Afterwards, the public defender filed a complaint with the San Francisco Department of Police Accountability ("SFDPA"), which conducted an investigation into the incident.

As reported by the Mission Local news, SFDPA investigators concluded by a preponderance of the evidence that Officer Marcic "lied under oath about the subject's initial non-compliance and wrote an inaccurate and incomplete incident report" and that Officer Marcic used excessive force. (Id.)

Officer Marcic is the same officer who, a week prior to beating up Mr. McElroy, responded to a gay couple that had reported being victimized and Officer Marcic made a homophobic comment to them.[2]

b.      Defendants: On June 20, 2018, Officer Marcic and Hayes were on patrol in a marked patrol car wearing full police uniforms on Mission Street near 16th Street when they saw Jeffrey McElroy riding a bicycle on the sidewalk. Mr. McElroy was wearing a backpack. The officers detained Mr. McElroy for violating the City ordinance prohibiting adults from riding bicycles on the sidewalk. Given the number of violent crimes in the area of 16th and Mission, for officer safety Officer Marcic pat searched Mr. McElroy for weapons. No weapon was found when patting the exterior of Mr. McElroy's clothing. Next, the officers sat Mr. McElroy on the sidewalk and asked him for his name and birthdate. Mr. McElroy provided the officers with three false identities. The officers were unable to confirm Mr. McElroy's identity, and were aware that he lied at least twice about his identity. In an effort to confirm his identity, Officer Sterling announced that we was going to look for identification in the plaintiff's backpack. The moment Officer Sterling opened the backpack, he saw a semi-automatic handgun. The moment Officer Sterling opened the backpack, Mr. McElroy jumped to his feet and sprinted away. The officers gave chase.

The foot pursuit led the officers from Mission onto 15th Street, and then into Natoma Alley. On Natoma, Mr. McElroy ran into an open garage of a residence. Unaware of what weapons might be available to Mr. McElroy in the garage, the officers ordered plaintiff to get on the ground at gunpoint.

---

[1] " SFPD officer accused of lying under oath after severely beating bicyclist in SF's Mission"
https://missionlocal.org/2019/10/sfpd-officer-lied-under-oath-after-severely-beating-bicyclist-in-sfs-mission/

[2] "Castro bar owner spit on, called 'faggot' by car driver"
https://www.ebar.com/news/news/261296

Instead, Mr. McElroy came out of the garage brandishing a folding metal chair. The officers holstered their guns and drew their batons in defense. Mr. McElroy was then cornered between the two officers, a parked car, and the wall of the residence when he slipped and fell onto the ground. While Mr. McElroy was on the ground, Officer Marcic attempted to get physical control of Mr. McElroy, who refused to submit to arrest. Officer Marcic struck Mr. McElroy with his fist six times and Officer Sterling struck Mr. McElroy in the leg with his baton to obtain compliance and end Mr. McElroy's resistance so he could be put in handcuffs. The use of force was captured on body warn video and properly documented. Mr. McElroy was arrested.

The DPA findings related to Officer Marcic's conduct in connection with the arrest of Mr. McElroy have been challenged and there has been no final determination at this time. The alleged comment attributed to Officer Marcic reported in the Bay Area Reporter (BAR) are disputed and have no bearing on the arrest of Mr. McElroy.

3. <u>Legal Issues</u>:

The primary legal issues are whether: (1) there is municipal liability, *Monell v. Department of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018 (1978); (2) if there was a violation of Plaintiff's Fourth Amendment rights; and (3) the officers are entitled to qualified immunity, *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727 (1982).

4. <u>Motions</u>:

Defendant plans to file a motion for summary judgment.

Plaintiff will consider a motion for partial adjudication.

5. <u>Amendment of Pleadings</u>:

The deadline for filing a motion to amend the pleading was February 6, 2020. [ECF 15] The Plaintiff filed a First Amended Complaint and the named defendants have filed an Answer to that amended pleading.

6. <u>Evidence Preservation</u>:

The parties have taken steps to collect and preserve evidence related to the issues presented by this action.

7. <u>Disclosures</u>:

The parties have exchanged initial disclosures.

8. <u>Discovery</u>:

<u>Plaintiff</u>

Plaintiff served document production requests and is awaiting the disclosures.

<u>Defendant</u>

Defendant served interrogatories and document production requests. Defendant has initiated the meet and confer process regarding deficiencies in the unverified responses provided. The deposition of Plaintiff has been noticed for March 25, 2020. If necessary, the defendant will meet and confer with plaintiff and seek any necessary Court orders for independent medical examinations.

9. <u>Class Actions</u>:

This is not a class action.

10. <u>Related Cases</u>:

There are no related civil cases.

11. <u>Relief</u>:

<u>Plaintiff</u>

Plaintiff seeks a judgment in his favor. Plaintiff seeks monetary damages for past and future emotional distress, medical costs and loss of wages. Plaintiff seeks injunctive relief. Plaintiff also seeks reasonable attorney fees and costs.

<u>Defendant</u>

Defendant seeks a judgment in its favor and related costs and fees as appropriate.

12. <u>Settlement and ADR</u>:

The parties participated in a settlement conference with Magistrate Judge Cousins. The case did not settle.

13. <u>Consent to Magistrate Judge For All Purposes</u>:

The parties consent to a Magistrate Judge to conduct all further proceedings including trial and entry of judgment.

14. <u>Other References</u>:

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>:

<u>Plaintiff</u>

Plaintiff will seek to narrow issues through motion for summary judgment or partial summary judgment following discovery. Plaintiff reserves the right to seek bifurcation of issues if the need arises.

<u>Defendant</u>

Defendant will seek to narrow issues through motion for summary judgment or partial summary judgment following discovery. Defendant reserves the right to seek bifurcation of issues if the need arises.

16. <u>Expedited Trial Procedure</u>:

The parties do not believe that an expedited schedule is appropriate.

17. <u>Scheduling</u>:

The parties do not seek to amend the pre-trial scheduling order at this time. [ECF 15]

18. <u>Trial</u>:

The parties request a trial by jury and expect the trial to last approximately six (6) court days.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>:

No persons, firms, partnerships, corporations (including parent corporations) or other entities are known by the parties to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

By the terms of Rule 3-16, the City is exempt from the certification requirement.

20. <u>Professional Conduct</u>:

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. <u>Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter</u>.

None

Dated:  3-12-2020

            DENNIS J. HERRERA
            City Attorney
            MEREDITH OSBORN
            Chief Trial Deputy
            JAMES F. HANNAWALT
            Deputy City Attorneys

By*:*         */s/ James F. Hannawalt*
            JAMES F. HANNAWALT

            Attorneys for Defendant
            CITY AND COUNTY OF SAN FRANCISCO

Dated: 3-12-2020

            THE LAW OFFICES OF JOHN L. BURRIS

By: */s/ Patrick M. Buelna*
            PATRICK M. BUELNA
            ADANTE D. POINTER
            Attorneys for Plaintiff